# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

RICHARD FOSTER,
ADC #168964                                                              PLAINTIFF

V.                        4:17CV00748 JM/JTR

GARY ANDREWS, Lieutenant,
Faulkner County Jail Unit 1, et al.                                     DEFENDANTS

## RECOMMENDED PARTIAL DISPOSITION

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff Richard Foster ("Foster") is a prisoner in the Arkansas Department of Correction. He has filed a *pro se* § 1983 Substituted Complaint alleging that Defendants violated his constitutional rights while he was a pretrial detainee and a convicted prisoner at the Faulkner County Detention Center. *Doc. 15.* Before Foster may proceed with action, the Court must screen his allegations.[1]

## II. Discussion

**A.  Defendant Randell**

Foster named Major John Randell ("Randell") in his original Complaints, which were struck from the record as being filed in violation of the Federal Rules of Civil Procedure. *Docs. 2, 4, 5, 9, & 13.* Foster's Substituted Complaint does not name Randell or contain any factual allegations against him. *Doc. 15.* Thus, the Court recommends that Randell be dismissed, without prejudice, as a Defendant in this lawsuit.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### B. Defendants Andrews, Page, Riedmueller, and Ryals

#### 1. Conditions of Confinement Claims

In his Substituted Complaint, Foster alleges that Defendants Lieutenant Gary Andrews ("Andrews"), Sergeant Rusty Page ("Page"), Jail Administrator Christopher Riedmueller ("Riedmueller"), and Sheriff Tim Ryals ("Ryals") subjected him to a unconstitutional conditions of confinement by: (1) forcing him to sleep on a floor containing fecal matter, trash, and food; (2) failing to remove black mold from the ceiling and walls; and (3) confining him in a cell with a broken call button and exposed wires.

To state a viable § 1983 conditions of confinement claim, Foster must plead facts suggesting that: (1) objectively, he was subjected to conditions that created a substantial risk of serious harm to his health or safety; and (2) subjectively, Defendants were deliberately indifferent to the risk of harm posed by those conditions. *See Davis v. Oregon Cnty., Mo.,* 607 F.3d 543, 548-49 (8th Cir. 2010); *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004).

Foster contends that he slept on a filthy floor and was exposed to black mold for six months, and that doing so caused him to become physically ill. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8h Cir. 2012) ("Conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months"). The Court concludes, *for screening purposes only*, that Foster has pled a viable § 1983

unconstitutional conditions of claim, regarding sleeping on the floor and the presence of black mold, against Andrews, Page, Riedmueller, and Ryals. Thus, the Court recommends that service be ordered as to these specific claims only.

In contrast, Foster alleges that he lived in a cell with a broken call button and exposed wires for *only ten days*. *See Turner v. Mull*, 784 F.3d 485, 491 (8th Cir. 2015) (finding no constitutional violation where a prisoner was exposed to unconstitutional conditions for a brief duration). Importantly, Foster does *not* contend that he was actually harmed, in any way, by temporarily living in a cell with exposed wires and a broken call button. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (finding no constitutional violation where a prisoner failed to demonstrate that he was actually harmed as a result of being exposed to allegedly inhumane conditions of confinement); *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) (same). Thus, the Court recommends that Foster's unconstitutional conditions of confinement claim against Andrews, Page, Reidmueller, and Ryals regarding the broken call button and exposed wires be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

2. **Personal Property Claim**

Foster alleges that, on or about October 15, 2017, Page threw "all of my belongings" on his flooded cell floor. *Doc. 15 at 4*. It is unclear whether Foster's personal properly was damaged or destroyed.

A prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Arkansas provides such a post-deprivation remedy by allowing Foster to file a conversion action, in state court, against Page for the loss or damage of any of his personal property. *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee could not bring a § 1983 claim against county jail employees for seizure of personal property because he could bring a conversion action against them in state court); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision) (same). Because Foster has an adequate post-deprivation remedy available to him in state court, he has not pled a viable due process claim against Page. Accordingly, the Court recommends that Foster's due process claim be dismissed, without prejudice.

### 3. Access to the Courts Claim

Foster also alleges that, on or about October 15, 2017, Page destroyed his "legal mail" by throwing it onto the floor in his flooded cell. *Doc. 15 at 4*.

To state a viable access to the courts claim, Foster must plead facts suggesting that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing

5

*Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997). Foster has *not* pled any such facts. Accordingly, the Court recommends that Foster's access to the courts claim be dismissed without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Foster be allowed to PROCEED with his § 1983 claim that Andrews, Page, Riedmueller, and Ryals subjected him to unconstitutional conditions of confinement by forcing him to sleep on a filthy floor and failing to remove black mold from the ceiling and walls.

2. All other claims against Andrews, Page, Riedmueller, and Ryals be DISMISSED, WITHOUT PREJUDICE.

3. Defendant Randell be DISMISSED, WITHOUT PREJUDICE, as a Defendant in this action.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 20th day of March, 2018.

                                            */s/ J. Thomas Ray*
                                            UNITED STATES MAGISTRATE JUDGE